## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

|  |  |  |
|---|---|---|
| Sandra Short, et al., | ) | **ORDER GRANTING MOTION** |
|  | ) | **TO INTERVENE** |
| Plaintiffs, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| Federal Highway Administration, et al., | ) |  |
|  | ) | Case No.:  1:19-cv-285 |
|  | ) |  |
| Defendants. | ) |  |

_____

Before the Court is a Motion to Intervene by Billings County, North Dakota. The motion is granted for the reasons explained below.

### I.      BACKGROUND

The underlying suit challenges the Federal Highway Administration's approval of the Little Missouri River Crossing road and bridge project ("the Project") in Billings County, North Dakota. See Doc. No. 1. Plaintiffs are members of the Short family ("the Shorts"), whose ranch will be affected by the Project. See id. Defendants include the Federal Highway Administration, the United States Forest Service, and several officers in their official capacities (collectively, the "United States"). See id. The Shorts specifically challenge the Final Environment Impact Statement ("FEIS") and Record of Decision ("ROD") authorizing the project under relevant federal laws. See id.

Billings County, North Dakota ("the County") filed the instant Motion to Intervene on February 5, 2020, seeking to join in the defense of the Federal Highway Administration's approval of the Project. (Doc. No. 5). The County requests intervention as a matter of right, or in the alternative, permissive intervention. The United States filed a response advising that it took

no position on the County's request. (Doc. No. 10). Plaintiffs, however, filed a response opposing intervention. (Doc. No. 11). The County filed a reply (Doc. No. 12) and the matter is ripe for decision.

## II.     APPLICABLE LAW

Rule 24 of the Federal Rules of Civil Procedure provides that the court must permit anyone to intervene who:

> (1)     is given an unconditional right to intervene by a federal statute; or
>
> (2)     claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

The Eighth Circuit distills this rule into a three-part test, requiring the party seeking intervention to show: (1) it has a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will not be adequately protected by the existing parties. S. Dakota ex rel Barnett v. U.S. Dep't of Interior, 317 F.3d 783, 785 (8th Cir. 2003) (citing Chiglo v. City of Preston, 104 F.3d 185, 187 (8th Cir. 1997)).

Regarding the third element, a prospective intervenor typically bears only a minimal burden in showing that existing parties do not adequately represent its interests. Nat'l Parks Conservation Ass'n v. U.S. E.P.A., 759 F.3d 969, 975 (8th Cir. 2014) (quoting Mille Lacs Band of Chippewa Indians v. State of Minn., 989 F.2d 994, 999 (8th Cir. 1993)). However, a prospective intervenor has a heavier burden when an existing party has an obligation to represent its interests.  Mille Lacs, 989 F.2d at 999-1000.  Under the concept of *parens patriae*, if a

government agency is a party in litigation involving a matter of sovereign interest, the government is presumed to represent the interest of all its citizens.  Id. at 1000; Nat'l Parks, 759 F.3d at 976.  Yet the presumption only applies to the extent the prospective intervenor's interests coincide with the public interest.  Nat'l Parks, 759 F.3d at 977.  If the prospective intervenor stands to lose or gain from the lawsuit in a way different than the public at large, *parens patriae* does not apply.  Chiglo, 104 F.3d at 188.

Rule 24 further provides for permissive intervention, dictating that on timely motion, the court may permit anyone to intervene who: "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1).

 Rule 24 must be construed liberally, "with all doubts resolved in favor of the proposed intervenor." Nat'l Parks, 759 F.3d at 975 (quoting Turn Key Gaming, Inc. v. Oglala Sioux Tribe, 164 F.3d 1080, 1081 (8th Cir. 1999)). The Court must accept the allegations of the prospective intervenor as true. Id. at 973.

## III.    ANALYSIS

Neither the timeliness of the County's motion nor its standing to intervene are contested. Similarly, the first two elements of the test for intervention of right – the County's interest in the litigation and the risk of impairment of that interest – are not seriously in dispute. Taking all the County's allegations as true, it has been trying to facilitate the bridge crossing for 14 years to meet the transportation needs of its residents and visitors, particularly in relation to emergency response.  The County has also substantially funded the project so far. Its interest in the litigation is plain and a court ruling in the Shorts' favor will be a considerable setback to the County's long-held goals, as well as a financial blow.

The dispute centers on the third element: whether the United States adequately represents the County's interests. The Shorts contend that it does, stating that the aim of both the current defendants and the prospective intervenors is simply to uphold the FEIS and ROD. They also argue that *parens patriae* applies and that the County fails to overcome the presumption that the United States represents its interest as sovereign. The County responds that its primary aim is not merely to uphold the disputed FEIS and ROD, but to see the bridge built; it distinguishes its 14 years of work towards this goal from the more haphazard efforts of the United States. The County also asserts that the interests of the federal government necessarily diverge from its narrower interests as a local government.

While the County's interests overlap in some respects with those of the United States, they are distinct in important ways. As a county government, it is concerned with local problems, such as facilitating emergency transport to different parts of the county when the Little Missouri River is at flood stage. In general, the County is driven by the safety and transportation needs of its own inhabitants, businesses, and emergency responders; these interests are "narrower and more parochial" than those of a federal agency. See Mille Lacs, 989 F.2d at 1001. And the County cannot assume that the Federal Highway Association's position "will remain static or unaffected by unanticipated policy shifts," particularly in light of the agency's slow and sporadic progress so far. See Nat'l Parks 759 F.3d at 977. Additionally, as the funder of the environmental process and preliminary engineering, the County has a unique financial stake in seeing this particular FEIS and ROD upheld.

Because of these divergences, the Court finds that the presumption of *parens patriae* does not apply. The County has carried its burden to show that the existing defendants will not adequately protect its interests. The Court finds that it has shown an entitlement under Rule 24

for intervention as of right. For the same reasons, the Court would grant its motion for permissive intervention.

## IV.     CONCLUSION

The Court **GRANTS** the County's Motion to Intervene. (Doc. No. 5). The County shall file its Answer by May 1, 2020.

**IT IS SO ORDERED**.

Dated this 21st day of April, 2020.

_/s/  Clare R. Hochhalter_
Clare R. Hochhalter
United States Magistrate Judge
