**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Sandra Short, et al., | ) |
|                       Plaintiffs, | ) **ORDER GRANTING MOTION TO** <br> ) **INTERVENE** |
| v. | ) |
| Federal Highway Administration, et al., | ) |
|                       Defendants, | ) |
| and | ) Case No. 1:19-cv-285 |
| Billings County, North Dakota, | ) |
|                       Intervenor-Defendant. | ) |

Before the court is a Motion to Intervene filed by North Dakota Department of Transportation ("NDDOT") on June 2, 2020. The motion is granted for the reasons explained below.

**I.     BACKGROUND**

The underlying suit challenges the Federal Highway Administration's approval of the Little Missouri River Crossing road and bridge project ("the Project") in Billings County, North Dakota. See Doc. No. 1. Plaintiffs are members of the Short family ("the Shorts"), whose ranch will be affected by the Project. See id. Defendants include the Federal Highway Administration, the United States Forest Service, and several officers in their official capacities (collectively, the "United States"). See id. The Shorts specifically challenge the Final Environment Impact Statement ("FEIS") and Record of Decision ("ROD") authorizing the project under relevant federal laws. See id.

Seeking to join in the defense of the Federal Highway Administration's approval of the

Project, Billings County, North Dakota ("the County") filed a Motion to Intervene on February 5, 2020. The court issued an order granting the County's motion on April 21, 2020. See Doc. No. 20.

On June 2, 2020. The NDDOT filed the instant motion to intervene as a matter of right or in the alternative, permissive intervention. It too seeks to join in the defense of the Federal Highway Administration's approval of the Project. It advises that plaintiffs do not oppose their motion and that the United States take no position on the motion.

On June 16, 2020, plaintiffs filed a response to the NDDOT's motion advising they did not oppose intervention.

## II.    APPLICABLE LAW

Rule 24 of the Federal Rules of Civil Procedure provides that the court must permit anyone to intervene who:

(1)   is given an unconditional right to intervene by a federal statute; or

(2)   claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

The Eighth Circuit distills this rule into a three-part test, requiring the party seeking intervention to show: (1) it has a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will not be adequately protected by the existing parties. S. Dakota ex rel Barnett v. U.S. Dep't of Interior, 317 F.3d 783, 785 (8th Cir. 2003) (citing Chiglo v. City of Preston, 104 F.3d 185, 187 (8th Cir. 1997)).

Regarding the third element, a prospective intervenor typically bears only a minimal burden in showing that existing parties do not adequately represent its interests. Nat'l Parks Conservation

Ass'n v. U.S. E.P.A., 759 F.3d 969, 975 (8th Cir. 2014) (quoting Mille Lacs Band of Chippewa Indians v. State of Minn., 989 F.2d 994, 999 (8th Cir. 1993)). However, a prospective intervenor has a heavier burden when an existing party has an obligation to represent its interests. Mille Lacs, 989 F.2d at 999-1000. Under the concept of *parens patriae*, if a government agency is a party in litigation involving a matter of sovereign interest, the government is presumed to represent the interest of all its citizens. Id. at 1000; Nat'l Parks Conservation Ass'n , 759 F.3d at 976. Yet the presumption only applies to the extent the prospective intervenor's interests coincide with the public interest. Nat'l Parks Conservation Ass'n , 759 F.3d at 977. If the prospective intervenor stands to lose or gain from the lawsuit in a way different than the public at large, *parens patriae* does not apply. Chiglo, 104 F.3d at 188.

Rule 24 further provides for permissive intervention, dictating that, on timely motion, the court may permit anyone to intervene who: "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1).

Rule 24 is to be construed liberally in favor of intervention, which the court has described as serving the interest of the judicial system by resolving all related controversies in a single action. See Kinetic Leasing, Inc. v. Nelson, Case No. 3:16-3cv-99, 2016 WL 8737876, at *2 (D.N.D. Sept. 22, 2016) (citing S. Dakota ex rel Barnett v. US. Dep't of Interior, 317 F .3d 783, 785 (8th Cir. 2003), and Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc., 60F.3d 1304, 1307-08) (8th Cir. 1995)).  Thus, "any doubts as to 'the propriety of permitting intervention should be resolved in favor of allowing it.'" Target Logistics Mgmt., LLC  v. City of Williston, Case No. l:16-cv-076, 2017 WL 6459800, at *3 (D. N.D. Dec. 18, 2017) (quoting Sierra Club v. Robertson,

3

960 F.2d 83, 86 (8th Cir. 1992)). When considering a motion to intervene, the court must assess the motion in a light most favorable to the prospective intervenor and accept the allegations of the prospective intervenor as true. Id. at 2 (citing Nat'l Parks Conservation Ass'n, 759 F.3d at 973-75.

## III. DISCUSSION

The three elements of the test for intervention of right are not in dispute. First, the NDDOT plays a central role in the coordination of transportation, see N.D.C.C. § 24-01-01, and thus has an interest in the subject matter of this litigation. Second, its interests may be impaired by the disposition of this case. It has invested considerable resources in the Project and may be required to invest more should plaintiffs ultimately prevail. Moreover, there is the concern regarding the anticipated economic and public safety benefits derived from the Project and how they may be impacted by the outcome of this litigation. Third, none of the existing parties represent the NDDOT's interest.

## IV. CONCLUSION

The Court **GRANTS** the NDDOT's Motion to Intervene. (Doc. No. 31). The NDDOT shall file its Answer by June 22, 2020.

**IT IS SO ORDERED.**

Dated this 16th day of June, 2019.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court